UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-62552CIV-WPD

BLAKE HARRIS LAW, LLC,
a Florida limited liability company,

      Plaintiff,

v.

KEVIN WILLIAM WESSELL,
individually and as an owner, officer or
manager of Lawyers Limited PLLC, Lawyers
Limited Inc., and Liberty Business Group, Inc.,
LAWYERS LIMITED PLLC,
a Washington D.C. professional limited
liability company,
LAWYERS LIMITED INC.,
a Nevada corporation, and
LIBERTY BUSINESS GROUP, INC.,
a Nevada corporation,

      Defendants.

_____

**ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

THIS CAUSE is before the Court upon Defendants Kevin Wessell, Lawyers Limited PLLC,

Lawyers Limited Inc., and Liberty Business Group, Inc. (collectively, "Defendants")'s Motion to

Dismiss Plaintiff's Complaint (the "Motion"), filed herein on March 9, 2026 [DE 10]. The Court

has carefully considered the Motion [DE 10], and Plaintiff Blake Harris Law, LLC ("Plaintiff")'s

Response in Opposition [DE 15], notes that no Reply was filed, and is otherwise fully advised in

the premises. The Court held a hearing on the Motion on May 6, 2026, in which the Court heard

argument from counsel. *See* [DE 17].

1

## I.     BACKGROUND:

Plaintiff Blake Harris Law, LLC ("Plaintiff") filed a Complaint for Injunctive and Equitable Relief and Damages, and Demand for Jury Trial against Defendants Kevin Wessell, Lawyers Limited PLLC, Lawyers Limited Inc., and Liberty Business Group, Inc. (collectively, "Defendants") on December 10, 2025. [DE 1]. Plaintiff alleges that Defendants are engaged in a "fraudulent scheme" via their "Lawyers Limited" business, whereby they mislead customers into thinking Defendants will provide them legal services from experienced asset protection lawyers when in fact Defendants do not provide the services that a licensed attorney provides. *See generally* [DE 1]. Plaintiff, an asset protection lawyer in Florida, alleges that he is a direct competitor of Defendants and that he is being harmed by Defendants' false advertising scheme against consumers in the market for asset protection services.

The Complaint alleges the following claims against all Defendants: Count I – False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); Count II – Deceptive and Unfair Trade Practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); Count III – Civil Conspiracy; and Count IV – Declaratory Judgment under 22 U.S.C. § 2201. *See* [DE 1].

On March 12, 2026, Defendants moved to dismiss the Complaint. *See* [DE 10]. Defendants' Motion is now ripe for review. *See* [DE's 10, 15]. For the reasons stated below, the Court **GRANTS** the Motion.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).   When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.   "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).   "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### III.   DISCUSSION

Defendants move to dismiss the Complaint [DE 1] on the following grounds: (1) the Lanham Act claim (Count I) fails for lack of Article III standing for failure to allege that Plaintiff has suffered any injury in fact; (2) the Lanham Act claim (Count I) fails to allege false advertising and/or that Defendants misrepresent an inherent quality of their products or services which would affect an ordinary consumer's purchasing decisions; (3) the Lanham Act claim (Count I) fails to allege materiality; (4) the FDUTPA claim fails because there are no private causes of action for unauthorized practice of law and/or for failure to allege actual harm to consumers; (5) the Civil Conspiracy claim (Count III) is barred by the intracorporate conspiracy doctrine based upon the allegations in the Complaint because companies cannot conspire with their own agents; and (6) the

federal Declaratory Judgment claim (Count IV), seeking a declaration of several and joint liability, does not meet the Article III "Case or Controversy" Requirement.

As explained below, the Lanham Act claim (Count I) fails for lack of Article III standing and, additionally or alternatively fails to state a claim. Accordingly, the Court will dismiss the Lanham Act claim. without prejudice, with leave to amend within a particular time frame. Additionally, as Counts II- IV, Plaintiff's claims for FDUTPA, Civil Conspiracy, and Federal Declaratory Judgment, are before this Court only pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 as related claims to Plaintiff's Lanham Act claims, *See* [DE 1] at ¶ 13, the Court will not address whether these claims fail to state a claim in the absence of a viable federal claim. *See infra* Section 2.

### 1. Count I – Lanham Act False Advertising Claim

First, Defendants argue that the Plaintiff's Lanham Act § 1125(a) false advertising claim (Count I) fails for lack of Article III standing for failure to allege that Plaintiff has suffered any injury in fact. Defendants argue, even if they had violated the Lanham Act (which Defendants contend they have not), Plaintiff Harris lacks Article III standing to sue Defendants for the alleged Lanham Act violations.

> For standing purposes, therefore, an important difference exists between (i) a plaintiff 's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law. Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021) (emphasis in original).

Here, the Complaint attempts to allege concrete harm to Plaintiff as a result of Defendants'

alleged Lanham Act false advertising as follows:

> 99. Plaintiff, a legitimate law firm offering asset protection legal services, has been and continues to be injured by Defendants' false, misleading, and/or deceptive statements and has sustained actual damages in the form of diverted sales, lost profits, and loss of market share in the market for legal asset protection services to the same target consumers.

[DE 1] at ¶ 99. Additionally, elsewhere in the Complaint, in the context of Plaintiff's FDUTPA claim, the Complaint also attempts to allege concrete harm to Plaintiff as a result of Defendants' alleged false advertising, as follows:

> 112. Upon information and belief, Plaintiff and Defendants are each other's primary competition in this niche market.
>
> 113. Defendants' deceptive marketing and advertising practices have caused actual damage to Plaintiff under FDUTPA by diverting business away from Plaintiff, a legitimate law firm offering asset protection legal services, resulting in a loss of market share, loss of customers, and lost profits.

[DE 1] at ¶¶ 112, 113.

The instant case is strikingly similar to *MillerKing, LLC v. DoNotPay, Inc.*, 702 F. Supp. 3d 762, 772 (S.D. Ill. 2023), in which the court dismissed Lanham Act false advertising claims brought by a law firm against an "AI-based legal subscription service" for lack of concrete injury and Article III standing. The court held that, although the complaint alleged a "direct diversion of clients," and a lessening of the goodwill associated with the plaintiff, that was insufficient to establish Article III standing because they do not state a concrete, particularized, and actual injury. *See id.* at 771 ("These allegations are insufficient to establish Article III standing. As argued by DNP, MK has not alleged any lost revenue or added expenditures as a result of DNP's conduct. Nor has it alleged that any client or prospective client has withheld business, has considered withholding business, or has even heard of DNP. For example, while the complaint references the

hundreds of thousands of parking ticket cases that DNP claims to have taken on, there is no allegation that those customers originally were clients of MK, had considered hiring MK, or would have sought the advice of any law firm in the first place if not for the representations made by DNP.").

In the instant case, even including the allegations of harm asserted in the Complaint within the context of the FDUTPA claim, the entirety of Plaintiff's allegations of concrete harm, *see* ¶¶ 99, 112, 113, are woefully insufficient to establish Article III standing. *See MillerKing*, 702 F. Supp. 3d at 774 ("In sum, MK has not plausibly alleged that it has suffered a diversion of clients or reputational harm as a result of DNP's actions. Thus, it lacks Article III standing to pursue its Lanham Act claims."). Accordingly, even if Plaintiff were able to allege a statutory violation of the Lanham Act, he may not sue Defendants for that violation in federal court. *See TransUnion*, 594 U.S. at 426–27. Count I shall therefore be dismissed for lack of lack of Article III standing.

Additionally, while the Court need not reach the merits of whether the Complaint would otherwise satisfy the elements of a Lanham Act § 1125(a) false advertising claim[1], the Court notes that it appears that the claim as pled would fail. The basis for Plaintiffs' false advertising claim is that Defendants are falsely advertising legal services that they cannot provide, falsely advertising that they are a law firm, falsely advertising that they provide legal services through attorneys;

---

[1] The five-element test for this cause of action as established by the Eleventh Circuit is as follows:

> In order to establish the requisite likelihood of success on a false advertising claim, the movant must establish that: "(1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the movant has been—or is likely to be—injured as a result of the false advertising."

*Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010).

however, the unauthorized practice of law is not the basis for a Lanham Act claim. *See, e.g., Tresona Multimedia, LLC v. Pre-Cleared Ltd.*, No. 25-CV-6202 (GBD), 2026 WL 480858, at \*7 (S.D.N.Y. Feb. 19, 2026) ("The unauthorized practice of law is not a basis for a Lanham Act claim."). While Plaintiff argues that his Lahman Act claim is not a reimagined unauthorized practice of law claim, the Court disagrees.

### 2. Counts II- IV (FDUTPA, Civil Conspiracy, Federal Declaratory Judgment)

In addition to the federal Lanham Act claim in Count I, Plaintiff alleges claims in Counts II-IV for FDUTPA, Civil Conspiracy, and Federal Declaratory Judgment. In view of the fact that this Court's jurisdiction over this action rests solely on federal question, *see* [DE 1 at ¶ 12], and Plaintiff has failed to state a claim under the Lanham Act, the only federal cause of action in his Complaint, the Court need not address Defendants' challenge to the merits of Plaintiff's § 1367 supplemental jurisdiction claims in Counts II-IV at this time. The Court is dismissing Plaintiff's federal cause of action without prejudice, with leave to amend within a particular time frame. *See infra.* However, in the event that Plaintiff chooses not to amend his federal cause of action, or if Plaintiff's amendments again fail, the Court will decline to exercise supplemental jurisdiction over Plaintiff's supplemental jurisdiction causes of action, and Plaintiff may instead pursue those claims in state court.[2]

### IV.    CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Motion to Dismiss [DE 10] is **GRANTED** as set forth herein.

---

[2] Although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999). *See also* 28 U.S.C. § 1367(c)(3).

2.      The Complaint [DE 1] is hereby **DISMISSED WITHOUT PREJUDICE**, in accordance with this Order.

3.      Plaintiff shall be permitted an opportunity to amend to his pleading. Accordingly, Plaintiff is granted leave to file an amended complaint, consistent with this Order, on or before **May 20, 2026;** a failure to do so shall result in the Court closing this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

8